Date signed May 17, 2011



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| UMME S. MUNNI | : | Case No. 10-15489PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| MICHAEL G. WOLFF, TRUSTEE | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 10-0633PM |
| | : | |
| UMME S. MUNNI | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

This adversary proceeding filed by Michael G. Wolff, Trustee, came before the court for trial on May 11, 2011. The Trustee seeks an order of the court denying Debtor's discharge. The court heard the testimony and argument of the parties and makes the following findings of fact and conclusions of law.

The facts offered on behalf of the Debtor were not controverted. She testified that while her cousin, Mohammed Hossain, lived with her, he prevailed upon her to buy a $40,000.00 Mercedes Benz automobile for him to use. Mr. Hossain explained that, because his credit was bad, Debtor could put the car in her name and get a better interest rate than he could on the financing. After the vehicle was purchased, he suggested that Debtor could refinance her home, take some of the equity out of it, and use the proceeds to pay the car loan in full. With a lower interest rate on the mortgage and a $500 monthly payment on the vehicle that he would make to

her, Debtor would have far better cash flow.  She agreed to this proposition.  However, Mr. Hossain did not honor his commitment beyond making one or two payments to Debtor.  In time, he moved out of her home and went to New York City.  In addition, while Mr. Hossain was in New York, Debtor started receiving notices of fines for parking tickets.[1]  Efforts to reason with her cousin were unavailing.  As a result, to avoid further liability on the parking tickets, Debtor signed the vehicle over to him, without consideration.  Debtor states further that she learned the vehicle was involved in an accident[2] and that her cousin was injured.  But, from that point on, she had no further contact with Mr. Hossain.

The Trustee's Exhibit 4 shows that on October 27, 2009, the vehicle was donated to Kars for Kids, a charity in New Jersey.  The Exhibit also shows that the donation was made with the aid of the adjuster handling the property damage claim.  However, the Trustee testified that all efforts made on his behalf to obtain information as to the disposition of the insurance proceeds were fruitless.  He therefore could not pursue any path to obtain relief on account of this possible fraudulent conveyance under 11 U.S.C. § 548(a).  Also, the Trustee had no information concerning the use of the refinance proceeds.  Similarly, the Trustee was unable to obtain information about funds that might have been payable to Mr. Hossain as a result of the accident that was said to be the responsibility of a third party.

While the Trustee offered three rationales for denying a discharge, see 11 U.S.C. § 727(a)(3), (4), and (5), only one of those reasons is needed to justify the denial of a discharge. *See* 6 COLLIER ON BANKRUPTCY ¶ 727.01[1] at 727-7 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).  Therefore, the court will decide this case only as to 11 U.S.C. § 727(a)(3) that provides:

> **U.S.C. § 727.  Discharge**
>     (a) The court shall grant the debtor a discharge, unless–
>                 *           *           *           *
>         (3) the debtor has concealed, destroyed, mutilated, falsified, or
>     failed to keep or preserve any recorded information, including books,

---

[1] The New York City Department of Finance filed a proof of claim in the sum of $1,513.99, presumably for unpaid parking tickets.

[2] Specifically, Debtor stated in her answer to Question 10 on her Statement of Financial Affairs: "[Mr. Hossain] then totalled [sic] the car in Maryland. The police report says that it was the other driver's fault. There is a lawyer handling the case for the cousin but the cousin has been unwilling to give Debtor any information about the lawyer's name, phone. etc."

documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

The purpose of § 727(a)(3) is "'to make the privilege of discharge dependent upon a true [and complete] presentation of the debtor's financial affairs.'" *In re Cox*, 904 F.3d 1399, 1401 (CA9 1990) (quoting *In re Underhill*, 82 F.2d 258, 260 (CA2 1936)). The adequacy of the debtor's records is determined on a case by case basis. *Id*. Under this section, the Trustee bears the initial burden of production to present evidence that the Debtor failed to keep adequate records and that this failure prevented him from evaluating the Debtor's financial condition. *In re Dennis*, 330 F.3d 696, 703 (CA5 2003); *see also In re Womble*, 289 B.R. 836, 856 (BC N.D.Tex. 2003) (noting that a plaintiff must establish two elements under 11 U.S.C. § 727(a)(3): "(1) that the debtor failed to keep or preserve books or records; and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions"). "A debtor's financial records need not contain 'full detail,' but 'there should be written evidence' of the debtor's financial condition." *In re Dennis*, 330 F.3d at 703 (quoting *In re Goff,* 495 F.2d 199, 201 (CA5 1974)). *See also In re Juzwiak*, 89 F.3d 424, 428 (CA7 1996) ("[C]ourts and creditors should not be required to speculate as to the financial history or condition of the debtor, nor should they be compelled to reconstruct the debtor's affairs.") (citations omitted)); *In re Womble*, 289 B.R. at 856 ("Creditors are entitled to written evidence of the debtor's financial situation and past transactions; maintenance of such records is a prerequisite to a discharge.").

One of the best discussions of 11 U.S.C. § 727(a)(3) is found in the case of *In re Caron,* 411 B.R. 706, 711-712 (BC Ore. 2008) where the court explains:

> Section 727(a)(3) denies a discharge to a debtor who "has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." Unlike many of the other discharge denial provisions of § 727, § 727(a)(3) does not require that the party seeking to deny the debtor a discharge establish that the failure to keep or maintain adequate financial records was "knowing" or "fraudulent." "What constitutes adequate books, documents, and records must be decided on a case-by-case basis, depending on the Debtors' business operations and sophistication." *See In re Hirengen*, 112 B.R. 382, 385 (BC.D.Mont.1989), and cases cited therein.
>
> Most of the debtors who appear before this court are not great record keepers. In fact, in many cases, debtors' failure to maintain clear and complete records is a factor

driving their need to file for relief in bankruptcy.  Consequently, § 727(a)(3) is not appropriately used as a trap to deny a discharge to consumer debtors or business operators who, through inadvertence, lack of competence, or both, maintain less than pristine business records.  However, the Bankruptcy Code does not condone a complete default in maintaining and preserving records from which basic information regarding a debtor's business and financial affairs can be obtained.  As stated by the Ninth Circuit, most recently in *Caneva v. Sun Communities Operating Limited Partnership*, [550 F.3d 755, 761 (CA9 2008)], "the purpose of § 727(a)(3) is to make discharge dependent on the debtor's true presentation of his financial affairs."  *See Cox v. Lansdowne* (*In re Cox*), 904 F.2d 1399, 1401 (9th Cir.1990) ("*Cox I*"), *reiterated in Lansdowne v. Cox (In re Cox)*, 41 F.3d 1294, 1296 (9th Cir.1994) ("*Cox II*"). "'Creditors are not required to risk the withholding or concealment of assets by the bankrupt under cover of a chaotic or incomplete set of books or records.'"  *Burchett v. Myers*, 202 F.2d 920, 926 (9th Cir.1953). (Citations omitted.)

The plaintiff in a § 727(a)(3) action bears the initial burden of proof to establish "(1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions."  *Cox II*, 41 F.3d at 1296, *citing Meridian Bank v. Alten*, 958 F.2d 1226, 1232 (CA3 1992).  Once plaintiff makes such a prima facie case, the burden shifts to the debtor defendant to justify the inadequacy or nonexistence of the records.  *Id.*, and cases cited therein.  *See Caneva*, [550 F.3d 755 (CA9 2008)].

Here, the Debtor argues that she did not have any information related to the purchasing or refinancing of the Mercedes and seems to infer that gathering such information was the Trustee's responsibility.  She ignores 11 U.S.C. § 521(a)(3) that provides:

> **11 U.S.C. § 521. Debtor's duties**
> (a) The debtor shall–
>     *            *            *            *
> (3) if a trustee is serving in the case or an auditor is serving under section 586(f) of title 28, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title.

Cooperation with the Trustee is a small price for the Debtor to pay for the powerful remedy of a discharge in bankruptcy.  In this case, the court does not ascribe any fraudulent intent to the Debtor but does find that she unreasonably failed to maintain adequate records that would enable the Trustee to ascertain her financial situation and perform his statutory duties.  *See In re Schifano*, 378 F.3d 60, 70 (CA1 2004).

Normally the consumer debtor with no business affairs to speak of does not implicate § 727(a)(3).  *See In re Scott*, 172 F.3d 959, 970 (CA7 1999).  The holes in this case present an

exception to the normal practice.  *See, e.g.*, *In re Self*, 325 B.R. 224, 240-241 (BC N.D. Ill. 2005).  The transactions in question were of such a magnitude that, if Debtor sought to obtain a discharge, it was incumbent upon her to preserve and furnish the requisite information to the Trustee.  Her failure to do so results in the denial of her discharge.

      An appropriate order will be entered.


cc:    All Parties
       All Counsel